974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ben MEDINA, Plaintiff-Appellant,
v.
HOUSING AUTHORITY OF SAN MIGUEL COUNTY; County Commission
of San Miguel County; Max Madrid; Ernest Quintana; and
Annie Encinias, individually, and in their official
capacities, Defendants-Appellees.
 No. 91-2094.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1992.
 
 Before LOGAN, SETH and SNEED,* Circuit Judges.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 Appellant, Ben Medina, appeals from a verdict in favor of Appellees, the Housing Authority of San Miguel County, the Board of County Commissioners of San Miguel County, and individual Commissioners Max Madrid, Ernest Quintana, and Annie Encinias, in their official and individual capacities. Appellant's action alleged violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983 as well as a state law breach of contract claim. The jury returned a verdict in favor of Appellees on all claims.
 
 
 2
 On appeal, Appellant alleges eleven points of error. Most significantly, Appellant claims that: (1) the district court erred by refusing to enforce a Rule 68 Offer of Judgment against the Appellees in their official capacities only; (2) the district court erred by allowing two law firms to represent Appellees in their official and individual capacities; (3) the court improperly excluded testimony of Appellant's witness, Jack Stark; and (4) the court erroneously admitted parol evidence to clarify meeting minutes. After reviewing the record and considering Appellant's contentions we find no error.
 
 
 3
 In August of 1985, Ben Medina was approved for the position of Executive Director of the San Miguel County Housing Authority, a HUD funded and regulated housing authority. The events giving rise to this suit began when the Housing Authority accepted bids for its propane supply. Appellee and then County Commissioner, Max Madrid, was local office manager for Doxol, a large propane company. Doxol provided the lowest bid in a sealed bidding process. Appellant expressed concern over the bid and the potential conflict of interest created by Madrid's position as a County Commissioner and as local office manager for Doxol. The bid was accepted contingent on a favorable legal determination regarding the conflict issue.
 
 
 4
 Appellant then communicated his concerns over the conflict of interest to HUD Regional Assistant Counsel, Jack Stark. The contract was rebid two months after Madrid retired from Doxol. Again, Doxol was the low bidder and was awarded the contract.
 
 
 5
 Meanwhile the relationship between Appellant and the Board of Commissioners began to deteriorate. Questions were raised regarding Appellant's performance of his duties. Specifically, the Commissioners complained that Appellant failed to provide them with written reports concerning the administration of the Housing Authority and failed to communicate adequately with them.
 
 
 6
 The conflict came to a head when Appellant failed to appear on time at a scheduled meeting with the Commissioners. After the meeting adjourned, Appellant appeared and met with the County Commissioners and the County Manager in the County Manager's office. At the later meeting, Appellant was told of the problems the Commissioners perceived with his work, particularly problems in communications between Appellant and Appellees. Appellant was given seventy-two hours to respond. Appellant did not respond and he was terminated.
 
 
 7
 Appellant thereafter filed this suit alleging that his employment with the Housing Authority was terminated because he asserted that Commissioner Madrid had a conflict of interest in submitting a bid on behalf of Doxol Gas.
 
 
 8
 Appellant first contends that the district court erred by not enforcing an Offer of Judgment against the official Defendants. Specifically, Appellant argues that the magistrate's finding that Appellant did not accept the offer was erroneous.
 
 
 9
 Pursuant to Federal Rule of Civil Procedure 68, Appellees delivered an Offer of Judgment to Appellant. The offer was captioned "Ben Medina, Plaintiff vs. House [sic] Authority of San Miguel County, et al., Defendants." Nine days later, Appellant filed an Acceptance of Offer of Judgment which varied from the offer in that it specified that the acceptance only applied to the Defendants in their official capacities. The following day, Appellant moved the district court to enforce an acceptance of the offer. Appellees opposed the motion on the grounds that the offer applied to all Defendants in their official as well as personal capacities and that Appellant's acceptance was invalid because it only applied to Defendants in their official capacities.
 
 
 10
 After a hearing on the matter, the magistrate found that Appellant had not accepted Appellees' offer. Although it is not clear from the record, the basis for the magistrate's ruling appears to be that Appellant's purported acceptance was inconsistent with Appellees' offer.
 
 
 11
 In interpreting offers of judgment, courts generally are guided by principles of contract law. See Johnson v. University College of the Univ. of Ala. in Birmingham, 706 F.2d 1205, 1209 (11th Cir.). Under basic principles of contract interpretation, an offeree's acceptance must mirror the terms of the offer in order to be valid. See Raydon Exploration, Inc. v. Ladd, 902 F.2d 1496, 1499-1500 (10th Cir.) ("an acceptance generally will not bind the parties and create a contract unless it is unconditional, identical to the offer, and does not modify, delete or introduce any new terms into the offer"). Here, Appellant in his "acceptance" attempted to change the parties to which the offer applied:
 
 
 12
 "Plaintiff ACCEPTS the offer of $65,000.00, and appropriate costs and attorney's fees as determined by the Court with respect to Defendants San Miguel County Housing Authority, Board of County Commissioners of San Miguel County, and individual Defendants in their 'Official Capacity' being represented by Mr. Felker of Felker & Ish, P.A. This acceptance does not relate in anyway [sic] to, or absolve the individual Defendants, Max Madrid, Ernest Quintana, and Annie Encinias, in their 'Personal Capacity' who are represented by Mr. John L. Lenssen, of Lenssen and Mandel."
 
 
 13
 Appellant's Appendix at 103.
 
 
 14
 The Offer of Judgment, as communicated to Appellant's attorney, did not mention that the Defendants in their individual capacities were excluded. The language of the "acceptance" which says "[t]his acceptance does not relate in anyway [sic] to, or absolve the individual Defendants, Max Madrid, Ernest Quintana, and Annie Encinias, in their 'Personal Capacity' ..." is materially different from the offer.
 
 
 15
 Appellant contends that the Offer of Judgment was ambiguous and, therefore, it should be interpreted against the offeror. Specifically, Appellant argues that the caption on the offer, which only mentioned the "Housing Authority of San Miguel County, et al.", refers only to the Defendants in their official capacity because the term "et al." is insufficient to identify all of the Defendants in all of their capacities as parties to the Offer of Judgment. As support for this proposition Appellant cites Torres v. Oakland Scavenger Co., 487 U.S. 312, 318.
 
 
 16
 In Torres, the Supreme Court held that the use of the term "et al." in plaintiff's notice of appeal was not sufficient to identify him as a party to the appeal and, thus, did not comply with Federal Rule of Appellate Procedure 3(c). The present case is distinguishable from Torres because the Court in Torres was limited by the language of Fed.R.App.Proc. 3(c). Rule 3(c) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal...." The Court made clear that the requirement of Rule 3(c) that the notice of appeal specifically identify the parties to the appeal is a jurisdictional requirement imposed by Congress. There is no similar requirement in Rule 68 and we decline to impose one.
 
 
 17
 Further support for our holding that the Offer of Judgment was intended to apply to all Defendants is found in the oral communications between the parties before the offer was made. It is undisputed that Mr. Felker told counsel for Plaintiff that the offer included all Defendants. Mr. Felker stated in his affidavit:
 
 
 18
 "I informed [Mr. Burke] ... that the settlement offer I would be delivering to him would be for all the Defendants in all their capacities, and that Risk Management would not consider settling any of the claims while leaving other claims unresolved. I explicitly informed him the coming offer was intended to resolve all claims and to settle the entire case. I was absolutely clear relative to the State's approach to settlement, and from Mr. Burke's conversation with me, I believe he clearly understood my position."
 
 
 19
 Appellant's Appendix at 109-110.
 
 
 20
 We hold that the district court properly refused to enforce the Offer of Judgment.
 
 
 21
 Appellant next asserts that the district court erred by allowing separate law firms to represent Appellees in their individual and official capacities. Because of the obvious potential for conflict between the defenses of individual and official Appellees, we find no merit in this contention. The Appellant does not demonstrate any prejudice, and it is difficult to see how he could do so. The trial court permitted separate representation as a wise precaution.
 
 
 22
 The distinction between personal capacity and official capacity suits is important because it highlights the potential for conflicts of interest. While a suit against a public official in a personal capacity seeks to impose personal liability for actions taken under color of state law, a suit against a public official in an official capacity is, in reality, a suit against the governmental entity. See Kentucky v. Graham, 473 U.S. 159, 165. This difference between the actual parties in interest gives rise to differing and possibly conflicting defenses.
 
 
 23
 To establish personal liability in a § 1983 action, a plaintiff must show that the official, acting under color of state law, caused the deprivation of a federal right. Id. at 166. A plaintiff in an official capacity suit under § 1983 must prove that the entity's "policy or custom" played a role in the violation of federal law. Id. Thus, in a suit such as this one, an entity may defend itself successfully by asserting that the official whose conduct is in question acted in a manner that is contrary to the entity's "policy or custom." See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691. Similarly, a defendant in a personal capacity may assert the defense of qualified immunity. These defenses can be contradictory. Consequently, an attorney representing public officials in both an individual and official capacity is faced with a potentially impermissible conflict of interest.
 
 
 24
 Although we do not adopt a per se rule that an automatic conflict results when a governmental entity and its employees are sued together for a § 1983 violation, see Dunton v. County of Suffolk, 729 F.2d 903, 910 (2d Cir.), we hold that the district court did not err by allowing separate representation of Appellees in their personal and official capacities.
 
 
 25
 Appellant makes numerous contentions that the district court erred in admitting and excluding certain evidence. Absent an abuse of discretion by the district court, we will not disturb the district court's decision to admit or exclude evidence. Boren v. Sable, 887 F.2d 1032, 1033 (10th Cir.). An abuse of discretion occurs when there is no basis in the record upon which the district court could have rationally based its decision. Id. It is under the above described standard that we review the evidentiary issues raised by Appellant. After carefully reviewing the record, we find that the district court did not abuse its discretion.
 
 
 26
 Appellant contends that the district court improperly excluded the deposition testimony of Appellant's witness, Jack Stark. In particular, Appellant argues that Mr. Stark's deposition should have been admitted to explain the federal conflict of interest standards, to explain the existence of an actual conflict of interest, and to confirm Appellant's concern over the alleged conflict.
 
 
 27
 Although the record is not clear, it appears that the district court excluded Mr. Stark's deposition testimony both because Mr. Stark's opinions lacked proper foundation and because the deposition was cumulative, repetitive and related to other matters which were irrelevant to the case. We agree with the district court's exclusion of Mr. Stark's deposition.
 
 
 28
 Appellant's contention that Mr. Stark's deposition testimony is relevant to prove the alleged conflict is belied by his counsel's statements at trial. After Appellees objected to the admission of the deposition on the grounds that Mr. Stark lacked proper foundation for his opinions, Appellant's counsel explained that the proffered evidence
 
 
 29
 "goes not to whether or not Mr. Madrid was guilty of conflict of interest, but whether or not Mr. Medina acted in accordance with his belief and his expression of what he felt was right."
 
 
 30
 Appellees' Supp. Appendix at 90. Therefore, Appellant's argument that Mr. Stark's deposition should have been admitted to show the existence of a conflict of interest is without merit.
 
 
 31
 Additionally, the district court properly instructed the jury that whether a conflict of interest existed was not an issue in this case. Rather, the issue in this case was whether Appellant's reporting of Max Madrid's alleged conflict of interest to Mr. Stark was the primary reason for Appellant's termination. Proving the existence of a conflict of interest or Appellant's belief that he was acting properly is immaterial to determining whether Appellant was fired for reporting the alleged conflict. Consequently, Mr. Stark's deposition, insofar as it relates to the existence of an actual conflict of interest, conflict of interest standards or Appellant's concern over the alleged conflict, was irrelevant and properly excluded.
 
 
 32
 With respect to other excluded portions of the deposition, the record on appeal does not reflect that the district court abused its discretion in finding that the remainder of Mr. Stark's testimony was cumulative, repetitive or irrelevant.
 
 
 33
 Appellant's additional claims that the district court abused its discretion in admitting financial documents, the 1987 audit, the fourth page of the police officer's report and the district attorney's memorandum are without merit and are not supported by the record on appeal.
 
 
 34
 Related to the previously described evidentiary issues is Appellant's contention that the district court erred in admitting oral testimony to explain the minutes of the San Miguel County Commission's special meeting. Appellant argues that the minutes of the meeting constitute an unambiguous written expression of a contract to hire Appellant as a permanent employee; therefore, the oral testimony of Appellees' witness, Mr. Lucero, was improperly admitted to alter the terms of the contract. We disagree with Appellant's contention.
 
 
 35
 The parol evidence rule bars the admission of oral and extrinsic evidence to contradict an unambiguous written contract. See C.R. Anthony Co. v. Loretto Mall Partners, 817 P.2d 238, 112 N.M. 504. In the case before us, however, the minutes of the special meeting did not constitute a written contract to hire Appellant. Rather, the minutes reflected the County Commission's designation of job titles and job positions for seven current employees of San Miguel County, including Appellant, whose jobs had not been previously classified. Consequently, the parol evidence rule was inapplicable, and the oral testimony of Mr. Lucero was admissible.
 
 
 36
 Even if the minutes could be considered a written expression of a contract to hire Appellant, parol evidence was admissible to explain the terms of the contract. In C.R. Anthony the court adopted an expansive rule allowing the trial court to use extrinsic evidence in determining whether a term or expression in a written contract is unclear, and if so, to admit parol evidence to explain the term or expression. Id.
 
 
 37
 Appellant argues that the minutes clearly show that he was hired as a permanent employee because his name and job designation, along with the designations of six other individuals, were listed under the heading "Manager's Office for Permanent Position." However, Mr. Lucero's testimony showed that the heading was misleading and ambiguous because it only related to the first person and job designation listed thereunder. Therefore, the district court did not err in admitting Mr. Lucero's oral testimony to explain that Appellant's job position was classified as exempt.
 
 
 38
 In addition to Appellant's numerous objections to the district court's admission and exclusion of certain evidence, Appellant objects to the court's jury instructions. Appellant claims that the jury was not properly instructed on his theory of the case and that the district court erred by rejecting other requested instructions. Appellant also objects to the district court's instructions regarding qualified immunity and conflict of interest. After reviewing the jury instructions as a whole, we find that the instructions given by the district court adequately and accurately instructed the jury and that there is no reversible error.
 
 
 39
 Accordingly, the judgment of the District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Joseph T. Sneed, United States Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3