UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 7/23/96**

_____

JAMES EDWARD QUALLS,

    Plaintiff-Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT,

    Defendant-Appellee,

_____

DAVID L. SMITH,

.    Attorney-Appellant.

Nos. 95-1385, 95-1459, 95-1489
(D.C. No. 91-Z-989)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, _res judicata_ and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Plaintiff James Edward Qualls and his attorney David L. Smith brought four appeals, Nos. 95-1246, 95-1385, 95-1459, and 95-1489, asserting the district court committed a litany of errors in *Qualls v. Regional Transp. Dist.*, D. Colo. No. 91-Z-989. We have summarized Mr. Smith's history of misconduct before the United States District Court for the District of Colorado, the Tenth Circuit, and the United States Supreme Court in *Howard v. Mail-Well Envelope Co.*, 10th Cir. No. 95-1428, and we need not repeat that summary here. A Tenth Circuit jurisdictional panel has (1) dismissed appeal No. 95-1246; (2) dismissed all of Mr. Smith's contentions in appeal No. 95-1385 except his challenge to the district court's order imposing sanctions on him; (3) consolidated appeal Nos. 95-1385, 95-1459, and 95-1489. *Qualls v. Regional Transp. Dist.*, Nos. 95-1246, 95-1385, 95-1459, & 95-1489 (10th Cir. Apr. 12, 1996). Because Mr. Qualls has settled his case on the district court level and voluntarily dismissed his appeals, we conclude all of Mr. Smith's contentions on appeal are moot except his challenge to the district court's May 15, 1995, order terminating his representation of Mr. Qualls in light of the fact a disciplinary panel had suspended him from practicing law before the United States District Court for the District of Colorado and his challenge to the many district court orders imposing sanctions against Mr. Smith

personally.

We have recently exercised jurisdiction over an attorney's appeal from a district court's order disqualifying her from representing a party, even though she brought her appeal after the parties had dismissed the underlying case with prejudice pursuant to a settlement agreement, *Johnson v. Board of County Comm'rs*, 85 F.3d 489, 492 (10th Cir. 1996), and we see no reason to apply a different rule when, as in this case, the attorney-appellant challenges a sanction award assessed against him personally. Accordingly, provided Mr. Smith filed a timely notice of appeal after the entry of final judgment, we conclude we have the authority to review the merits of his appeal from the disqualification and sanctions orders.

On October 10, 1995, the district court entered its order dismissing the case with prejudice pursuant to the settlement agreement between Mr. Qualls and the Regional Transportation District. Mr. Smith subsequently filed a timely notice of appeal — in fact, he filed several. We therefore conclude we have jurisdiction to review the disqualification and sanctions orders. Having done so, we find no error and affirm for substantially the same reasons stated by the district court.

The disqualification and sanction orders challenged in appeals No. 95-1385, 95-1459, and 95-1489 are **AFFIRMED**, and the remaining contentions in those appeals are **DISMISSED**.  The petitions for writ of mandamus or prohibition in Nos. 95-1385, 95-1459, and 95-1489 are **DENIED**.

> **Entered for the Court:**
>
> **WADE BRORBY**
> United States Circuit Judge