**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELMA AUGUSTINE; CALEB
BOONE,

     Plaintiffs-Appellants,

v.

JAMES ADAMS; ADAMS, BROWN,
BERAN, AND BALL, a Professional
Association,

     Defendants-Appellees,

     and

CHARLES HAYNES; JOHN BIRD;
ROBERT GLASSMAN; GLASSMAN,
BIRD & BRAUN, A Partnership,

     Defendants.

No. 00-3410
(D.C. No. 98-CV-2422-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Caleb Boone, an attorney appearing pro se, appeals the district court's grant of a motion to impose Rule 11 sanctions against him. He maintains that his actions in the court below were reasonable and non-frivolous, and therefore sanctions were improvidently granted.

Mr. Boone was counsel for Elma Augustine. Ms. Augustine brought suit alleging accounting and legal malpractice against the following parties: James Adams, an accountant; Adams, Brown, Beran & Ball, a partnership and the firm in which Mr. Adams was a partner; John Bird and Robert Glassman, attorneys; Glassman, Bird & Braun, a partnership and the firm in which Messrs. Bird and Glassman were partners, and Charles Haynes. The district court granted summary judgment to all defendant parties but Mr. Haynes, who settled with Ms. Augustine.

In the course of the proceedings, Mr. Adams and his firm filed a motion for Rule 11 sanctions against Mr. Boone. FED.R.CIV.P. 11. Messrs. Bird and Glassman and their firm filed a similar motion. The district court denied the motion made by Mr. Adams and his firm but granted the motion made by Messrs. Bird and Glassman and their firm. Mr. Boone was ordered to pay monetary sanctions to Messrs. Bird and Glasman and their law firm in the amount of

$2,500.

Mr. Boone now brings this appeal against Mr. Adams and his accounting firm but *not* against Messrs. Bird and Glassman and their law firm. Mr. Adams and his firm contend that Mr. Boone lacks standing to bring the appeal. The constitutional minimum of standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996). First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is "concrete and particularized" and "actual or imminent." *Defenders of Wildlife*, 504 U.S. at 560. Second, a causal connection must exist between the injury and the conduct complained of. *Id.* In other words, the injury must be "fairly traceable to the defendant's conduct." ERWIN CHEMERINSKY, FEDERAL JURISDICTION 59 (3d ed. 1999). Third, it must be likely that the injury will be redressed by a favorable decision. *Defenders of Wildlife*, 504 U.S. at 561.

This court has previously held that counsel have standing to appeal orders that directly aggrieve them. *See Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1207 (10th Cir. 2000); *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854-55 (10th Cir. 1993). This is so even if, as here, the underlying case has settled or otherwise become final, so long as the order rested on grounds that could harm an attorney's professional reputation. *See Weeks,* 230

F.3d at 1208; *Johnson v. Board of County Comm'rs*, 85 F.3d 489, 492-93 (10th Cir. 1996). Mr. Boone thus satisfies the first element necessary for standing.

Mr. Boone does not satisfy the second element of standing, however. In bringing this appeal only against Mr. Adams and his accounting firm, Mr. Boone fails to make a connection between the injury and the defendants' action. The motion for sanctions brought by Mr. Adams and his firm was denied by the district court. If Mr. Boone wished to challenge the district court's order imposing sanctions, he should have brought this appeal against the parties that filed the successful motion for sanctions: Messrs. Bird and Glassman and their law firm. Because he did not, Mr. Boone fails to satisfy the requirements of standing on appeal and we must dismiss his appeal without reaching the merits.

The appeal is **DISMISSED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge