**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DIANA GALINDO; CHARLES
SCHRODER; JOANNA SCHRODER;
ELIZABETH ACOSTA; ORLANDO
GARCIA,

        Plaintiffs-Appellants,

v.

TOWN OF SILVER CITY; JOHN
PAUL JONES, Silver City Mayor, and
his successor in interest, in their
official and individual capacities;
TOM BATES, Silver City Manager,
and his successor in interest, in their
official and individual capacities;
RALPH DOMINGUEZ, ELIZABETH
GARY, GARY CLAUSS, PETER
RUSSELL, Silver City Councilors, in
their official and individual capacities;
HENRY CHAVEZ, Silver City Police
Chief, in his official and individual
capacity; JOE ACOSTA, BOBBY
RUIZ, DANIEL BARDE, SAM
RODRIGUEZ, Silver City Police
Officers, in their official and
individual capacities; JOHN DOES
1-3,

        Defendants-Appellees,

COUNTY OF GRANT; MANUEL
SERNA, HENRY TORRES, DAVID
CONWAY, Grant County
Commissioners, in their official and
individual capacities; STEVE REESE,

No. 03-2134
(D.C. No. CIV-02-476-KBM/LCS)
(D. N.M.)

Grant County Sheriff, in his official and individual capacity; REUBEN PORTILLO, Grant County Sheriff's Officer, in his official and individual capacity,

Defendants.

## ORDER AND JUDGMENT[*]

Before **TACHA** , Chief Judge, **HENRY** and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs filed an action pursuant to 42 U.S.C. § 1983 alleging defendants violated their Fourth Amendment rights to reasonable searches and seizures. [1] The

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    Plaintiffs raised several other claims in the district court, but do not continue to assert them on appeal.

district court [2] granted summary judgment in favor of defendants. Plaintiffs argue that the district court erred in doing so, because there are unresolved material facts and because another magistrate judge had granted plaintiffs' motion to compel complete answers to discovery requests and had awarded sanctions for the discovery abuses. Also, plaintiffs argue that the district court erred in denying their motion to disqualify the attorney for defendant Town of Silver City. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

BACKGROUND

The facts construed in the light most favorable to plaintiffs are as follows. *See Hope v. Pelzer*, 536 U.S. 730, 733 n.1 (2002) (on review of summary judgment, court reviews facts in light most favorable to nonmoving party). Plaintiff Elizabeth Acosta, a minor, did not call her mother, Cynthia Acosta, for a ride home from her job at McDonald's on May 12, 2000 after her evening shift ended. Mrs. Acosta became concerned, went to McDonald's and learned that Elizabeth had left with her boyfriend Michael Anderson. Mrs. Acosta drove by the home of her sister, plaintiff Diana Galindo, and saw Michael's truck parked in front of the home, a home where Elizabeth had been forbidden to go because she drank alcohol there. Mrs. Acosta stopped and knocked on the front door, but no

---

[2] The parties consented to having the magistrate judge decide the case. *See* 28 U.S.C. § 636(c).

one came to the door, even though she could hear people in the house. When she returned to her own home, Mrs. Acosta telephoned the Galindo home, but no one answered.

Mrs. Acosta called her husband, defendant Joe Acosta, Elizabeth's stepfather and a police officer for the Town of Silver City, and told him what she knew. He proceeded to the Galindo home at 1:30 a.m. on May 13, when he got off work. Mr. Acosta saw Michael's truck there, but received no answer to his knocks on the front door of the Galindo home. He, however, saw his niece, plaintiff Joanna Schroeder, peeking out the window and heard scrambling, laughing and giggling inside the house. Mr. Acosta went home and changed his clothes.

He and Mrs. Acosta then returned to the Galindo home. Although he remained in his vehicle, she knocked on the front door, but again she received no response.

Meanwhile, Mr. Acosta called the police. Defendant Silver City police officer Samuel Rodriguez responded. Mr. Acosta told Officer Rodriguez that he believed Elizabeth was in the Galindo home with her boyfriend, that they probably were drinking, that every time Elizabeth went to the Galindo home she came home drunk, and that the occupants of the home did not open the door in response to his and his wife's knocking. He also told Officer Rodriguez that the

home belonged to his sister-in-law. Officer Rodriguez contacted the Minors with Alcohol Tactical Team, and then-Lieutenant Reuben Portillo, among others, responded. Officer Rodriguez and Lt. Portillo knocked on the front door of the Galindo home and announced themselves as law enforcement officers. After receiving no response, they proceeded to the carport and to the back door of the house. Lt. Portillo saw that the back patio door was partially opened. Also, he saw one minor lying on the floor and another lying on the sofa. Lt. Portillo repeatedly knocked on the patio door and yelled to get the minors' attention. Neither responded. Because the two law enforcement officers feared for the minors' safety and welfare, including alcohol poisoning, they entered the house. One minor awakened, and indicated when asked that the homeowner was at the other end of the house. As the law enforcement officials proceeded, they met Michael, who denied that Elizabeth was there or that there had been any drinking. Michael pointed out the bedroom where the homeowner could be found.

After Ms. Galindo, the homeowner, came out of the bedroom, she gave Officer Rodriguez and Lt. Portillo permission to search for Elizabeth. Joanna informed Ms. Galindo that Elizabeth was hiding in Ms. Galindo's closet. Ms. Galindo told the officers to get Elizabeth, which they did. Elizabeth was intoxicated.

Officer Rodriguez and Lt. Portillo took Elizabeth, Michael and his brother to the Grant County Detention Center. These three minors were released to their parents and no reports or charges were filed.

Thereafter, plaintiffs Elizabeth Acosta, Diana Galindo, Ms. Galindo's children Joanna and Charles Schroder, and Ms. Galindo's then-boyfriend Orlando Garcia filed their complaint alleging Fourth Amendment violations for the warrantless entry of the home and its curtilage against two sets of defendants. The first set consisted of the Town of Silver City; its mayor, John Paul Jones; its city manager, Tom Bates; its four city councilors, Ralph Dominguez, Elizabeth Gary, Gary Clauss, Peter Russell; its police chief, Henry Chavez; four city police officers, Joe Acosta, Bobby Ruiz, Daniel Barde and Sam Rodriguez; and three John Does (collectively the Silver City defendants). The second set of defendants consisted of Grant County; its sheriff, Steve Reese; Lt. Reuben Portillo; and three county commissioners, Manuel Serna, Henry Torres, and David Conway (collectively the Grant County defendants). All persons were sued in their individual and official capacities.

Each set of defendants moved for summary judgment. The district court granted the motions, finding no Fourth Amendment violations. The district court determined that Officer Rodriguez and Lt. Portillo were on the premises for the legitimate purposes of ascertaining if Elizabeth was there and if there was teenage

drinking occurring at the home. Because the officers received no response to their knocks and they were on the premises for a legitimate purpose, the court decided it was consistent for them to walk to the back of the house and enter the curtilage to locate any occupants. The court also determined that exigent circumstances justified the warrantless entry into the house:

> At the time the officers went around the back of the Galindo home, they were aware that Elizabeth had been missing for hours, and that the Acostas had made several attempts over the course of several hours to contact people inside the Galindo home. No one was answering, but the Acostas had heard someone inside and the windows were obstructed. Upon discovering the open patio door and the kids who admittedly were not responding at all to the officers' inquiries, they were justified in entering the premises to (1) ascertain whether those juveniles were all right, and (2) to see whether Elizabeth was there and in a similar seemingly-dangerous situation.

Jt. App., vol. III at 715. Nor did the district court find that the officers' conduct after they entered the home violated the Fourth Amendment. In addition to finding no constitutional violation, the court also found no violation of any clearly established rights. The court therefore held that the officers were entitled to summary judgment on the basis of qualified immunity. Lastly, the court decided that without a constitutional violation, there could be no municipal liability.

Plaintiffs filed a motion to disqualify the Silver City defendants' counsel from representing both Mr. Acosta and the other Silver City defendants. After

holding a hearing, the district court denied the motion, finding no obvious conflict by the joint representation and no potential foreseeable conflict.

During the course of this appeal, Ms. Galindo, Charles, Joanna and Elizabeth settled their appeal against the Grant County defendants. These parties stipulated to dismiss the claims against the Grant County defendants, and this court dismissed the appeal against these defendants. The appellate arguments of these four plaintiffs therefore concern only the Silver City defendants.

Also on appeal, plaintiffs' counsel withdrew from representing plaintiff Orlando Garcia. Mr. Garcia has not filed a pro se or counseled brief on appeal. We conclude he has abandoned this appeal, and we dismiss his appeal for failure to prosecute. *See* 10th Cir. R. 42.1; *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F. 3d 853, 854-56 (10th Cir. 2005) (dismissing appeal sua sponte for failure to prosecute because appellant disappeared and failed to meet court deadlines). [3]

## DISCUSSION

## I. SUMMARY JUDGMENT

> We review a grant of summary judgment on the basis of qualified immunity *de novo*. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[3] We refer to Ms. Galindo, Charles, Joanna and Elizabeth as plaintiffs throughout the remainder of this order and judgment.

issue of material fact and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We construe the record in the light most favorable to the non-moving party.

*Jiron v. City of Lakewood*, 392 F.3d 410, 413-14 (10th Cir. 2004) (citation omitted). There is a genuine issue of material fact if the nonmoving party presents facts such that a reasonable jury could find in favor of the nonmoving party. *Simms. v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). "If there is no genuine issue of material fact in dispute, we determine whether the district court correctly applied the substantive law." *Id.*

A. DISPUTED MATERIAL FACTS

Plaintiffs argue that although they disputed most, if not all, of the facts the Silver City defendants used to support their motion for summary judgment, the district court never considered the issues of disputed material facts that plaintiffs set forth. According to plaintiffs, the undisputed material facts show that Officer Rodriguez and the John Does deprived them of their right to be free from unreasonable searches and seizures when these officers illegally entered the curtilage and home of Ms. Galindo without a warrant, probable cause or the existence of exigent circumstances. This, however, is a legal conclusion, which necessarily does not show disputed material facts.

Plaintiffs also indicate that they disputed fifteen of seventeen allegations that were characterized as undisputed facts by the Grant County defendants. Plaintiffs further contend they cannot respond to the other two allegedly undisputed facts, because those defendants failed or refused to respond to discovery. As indicated above, plaintiffs have settled all claims against the Grant County defendants. To the extent that these allegedly undisputed facts could be relevant to plaintiffs' appeal against the Silver City defendants, plaintiffs do not list on appeal what these undisputed facts are or specifically indicate in their appellate brief what they believe the material facts actually are. Plaintiffs' conclusory assertions are insufficient for us to consider the issue. *Cf. Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (deciding that where appellant failed to frame and develop issue, there was insufficient basis to invoke appellate review). Thus, we conclude plaintiffs have not shown that there are disputed material facts. In any event, upon our de novo review of the record, we conclude that the district court did not ignore plaintiffs' facts, but instead correctly determined that the material facts were undisputed.

B. DISCOVERY REQUESTS

Plaintiffs argue that the district court erred in dismissing this action with prejudice without considering another magistrate judge's order granting plaintiffs' motion to compel Sheriff Reese and Lt. Portillo to completely answer discovery

requests and awarding plaintiffs sanctions against these two defendants and Grant County. Plaintiffs have settled their claims against all Grant County defendants. Thus, in light of the settlement, and plaintiffs' failure to prove the argument is still viable in light of the settlement, we conclude this argument is now moot. *Cf. Marc Dev., Inc. v. FDIC*, 12 F.3d 948, 949 (10th Cir. 1993) (per curiam) (concluding settlement of case rendered appeal moot).

## C. DEFENDANTS' ENTITLEMENT TO QUALIFIED IMMUNITY

Plaintiffs argue the district court erred in granting summary judgment to the Silver City defendants on qualified immunity grounds. "To prevail on summary judgment against a defendant who asserts a defense of qualified immunity, a plaintiff must show that (1) the official violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred." *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 841 (10th Cir. 2005) (quotation omitted). If the threshold constitutional-right inquiry is not met, there is no need for further qualified immunity analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

We first consider whether the facts taken in the light most favorable to plaintiffs show that the Silver City defendants' conduct violated plaintiffs' Fourth Amendment rights. *See Brosseau v. Haugen*, 125 S. Ct. 596, 598 (2004) (per curiam). "The Fourth Amendment prohibition against unreasonable search and

seizure is implicated when there is some meaningful interference with an individual's possessory interests in . . . property." *Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004) (quotation omitted). "It is well-established that a warrantless search is presumptively unreasonable under the Fourth Amendment and therefore invalid unless it falls within a specific exception to the warrant requirement." *Mimics*, 394 F.3d at 844 (quotation omitted).

Here, it is undisputed that defendants failed to obtain a warrant before proceeding to the back of the Galindo home. Merely proceeding from the front to the back of a house alone, however, did not establish an invasion of the curtilage in violation of the Fourth Amendment. *See United States v. Cavely*, 318 F.3d 987, 994 n.1 (10th Cir. 2003) ("The mere fact that officers went to the front and around towards the back of appellant's house, standing alone, does not establish an invasion of the curtilage."). Getting no response to knocks on the front door and knowing that there were people in the home, Officer Rodriguez reasonably proceeded around to the back door, where he could reasonably carry out his objectives of locating Elizabeth and of checking on underage drinking. As the district court noted, even plaintiffs' expert agreed that Officer Rodriguez legitimately proceeded to the back of the house. Plaintiffs therefore have failed to meet their burden of proving a legitimate expectation of privacy in the curtilage that was violated by Officer Rodriguez. *See id.* at 993-94. Accordingly,

we conclude that Officer Rodriguez's proceeding to the back of the house resulted in no constitutional violation.

It is also undisputed that Officer Rodriguez failed to obtain a warrant before entering and searching the Galindo home. Officer Rodriguez's actions are presumptively unreasonable unless an exception to the warrant requirement applies. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1240 (10th Cir. 2003).

Defendants argue that there was an exception to the warrant requirement due to exigent circumstances. Exigent circumstances exist when (1) an officer has reasonable grounds to believe there is an immediate need to protect the lives of others; (2) the officer's search is not motivated by an intent to arrest or seize evidence; and (3) there is a reasonable basis to believe that an emergency exists at the place to be searched. *Id.*; *see id.* at 1250 n.24 (requiring immediate risk to safety for exigent circumstances to exist). "In evaluating whether exigent circumstances existed, we examine the circumstances as they would have appeared to prudent, cautious, and trained officers." *Id.* at 1240 (quotation omitted); *see also United States v. Anderson*, 154 F.3d 1225, 1233 (10th Cir. 1998) (recognizing there is no absolute test for assessing whether exigent circumstances exist because determination depends on unique facts of each case).

The undisputed material facts in this case show that exigent circumstances justified the warrantless entry into the Galindo home. Mr. Acosta had informed Officer Rodriguez and Lt. Portillo that Elizabeth was in the home and underage drinking was likely occurring, and the occupants of the home had ignored his and Mrs. Acosta's knocks on the front door. Also, these law enforcement officers personally observed minors in the home, who could not be aroused by repeated knocking on the patio door and yelling through the open door. Fearing for the safety and welfare of these unresponsive minors, as well as for Elizabeth, due to alcohol poisoning, the officers entered the home to check on the welfare of the minors. Under these circumstances, where there was an "immediate threat of death or severe physical harm," *id.* at 1241, it was objectively reasonable for Officer Rodriguez to have entered the Galindo home. Officer Rodriguez therefore did not violate plaintiffs' Fourth Amendment rights. [4]

Because plaintiffs failed to allege facts to support a constitutional violation, they did not meet their threshold burden for qualified immunity analysis, and it is unnecessary for this court to consider if there was a clearly established right. *See Jiron*, 392 F.3d at 419. The district court correctly held that Officer Rodriguez was entitled to qualified immunity.

---

[4]     Plaintiffs do not continue to argue that Officer Rodriguez's conduct after entering the Galindo home violated the Fourth Amendment. Nonetheless, we conclude that the district court correctly found no constitutional error.

Because plaintiffs did not prove a constitutional violation by Officer Rodriguez, a § 1983 action against the remaining Silver City defendants, apart from Mr. Acosta, is precluded. *See Jiron*, 392 F.3d at 419 & n.8. Accordingly, we conclude the district court correctly granted summary judgment to these Silver City defendants.

Plaintiffs argue that if, as the Silver City defendants alleged, Mr. Acosta was not acting under color of law, he would not be entitled to qualified immunity. The record shows that at all relevant times Mr. Acosta was off-duty and a civilian and a concerned parent, whose only actions were knocking on the Galindo door and calling the police. Nothing in the record indicates Mr. Acosta was acting under color of law. Granting summary judgment in favor of Mr. Acosta was appropriate because a person must be acting under color of law to be held liable under § 1983. *See* 42 U.S.C. § 1983 (providing federal cause of action against person who deprives another of federal rights when acting under state law); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (requiring plaintiff seeking § 1983 relief to prove conduct complained of was committed by person acting under color of state law and that conduct deprived person of constitutional right), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). We may affirm the district court's grant of summary judgment on any ground

-15-

supported by the record. *See Bolden v. PRC Inc.*, 43 F.3d 545, 548 (10th Cir. 1994).

## II. MOTION TO DISQUALIFY

Plaintiffs argue the district court erred in denying their motion to disqualify the attorney representing Mr. Acosta and all other Town of Silver City defendants. Plaintiffs maintain there is an inherent conflict of interest between a city and a police officer when both are defendants in a § 1983 action and the police officer is sued in his individual capacity. Also, plaintiffs point to the Town of Silver City's assertion that Mr. Acosta was not acting under color of state law at the time of the search.

"We review a district court's decision on a motion to disqualify counsel for abuse of discretion." *Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005). "Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a wise precaution." *Johnson v. Bd. of County Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996) (quotation omitted). We, however, only require separate counsel if a potential conflict turns into an actual conflict. *Id.*

It is true that there was a potential conflict between the Town of Silver City and Mr. Acosta. Yet the facts and circumstances of this case show that no actual

conflict resulted due to the grant of summary judgment to all Silver City defendants, and Mr. Acosta therefore received fair proceedings.          *See Dunton v. County of Suffolk*  , 729 F.2d 903, 909 (2d Cir. 1984) (when counsel acts against litigant's interests due to conflict that litigant is unaware of, litigant does not receive fair trial).  We therefore conclude the district court did not abuse its discretion in denying plaintiffs' disqualification motion.

The judgment of the district court is AFFIRMED.  We sua sponte DISMISS Mr. Garcia's appeal for failure to prosecute.  The appeal against the Grant County defendants is DISMISSED.

Entered for the Court

Deanell Reece Tacha
Chief Judge