FILED
United States Court of Appeals
Tenth Circuit

February 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN NASIOUS,

      Plaintiff - Appellant,

v.

LITTLETON POLICE
DEPARTMENT, COLORADO; HAL
MANDLER, Littleton Police Dept.;
DENVER POLICE DEPARTMENT;
BART MALPASS, Denver Police
Dept., in his official and individual
capacity; OFFICER CRAIG, Denver
Police Dept., in his official and
individual capacity; and OFFICER
RIEDMULLER, Denver Police Dept.,
in his official and individual capacity,

      Defendants - Appellees.

No. 09-1239

(D. Colorado)

(D.C. No. 1:07-CV-01001-ZLW-KMT)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

On October 1, 2007, *pro se* appellant John Nasious filed an amended complaint pursuant to 42 U.S.C. § 1983, asserting claims against the Littleton Police Department and Hal Mandler (the "Littleton Defendants"), and the Denver Police Department, Bart Malpass, Jennifer Craig, and Erik Riedmuller (the "Denver Defendants"). The Littleton Defendants moved for summary judgment and the district court entered an order on March 18, 2009, granting the motion. Nasious has not appealed the grant of summary judgment in favor of the Littleton Defendants.

The claims against the Denver Defendants arise from Nasious's arrest on June 6, 2005. According to Nasious, defendants Craig and Riedmuller seized cash[1] from him during the arrest. Nasious asserts he has communicated with defendant Malpass about the return of the money but it is still in the possession of the Denver Police Department. Nasious claims the actions of the Denver Defendants violated his due process rights under the Fifth and Fourteenth Amendments. The Denver Defendants moved for summary judgment, arguing, *inter alia*: (1) the Denver Police Department is not an entity subject to suit; (2) Malpass, Craig, and Riedmuller are entitled to qualified immunity as to the claims

---

[1]Nasious alleged the officers seized $2500. In their motion for summary judgment, the Denver Defendants allege the amount was $1068.23. This factual dispute is not material.

asserted against them in their individual capacities because Nasious failed to demonstrate how they personally participated in any conduct that violated his constitutional rights; and (3) the official capacity claims against Malpass, Craig, and Riedmuller fail because Nasious did not show either the existence of an unconstitutional municipal custom or policy regarding the disposition of property seized during an arrest or the unconstitutional hiring, training, supervision, or discipline of police officers regarding the disposition of such property. *See Johnson v. Bd of County Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996) ("[A]n official capacity suit is only another way of pleading an action against an entity of which an officer is an agent." (quotation omitted)); *see also Bd of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Brown v. Gray*, 227 F.3d 1278, 1286 (10th Cir. 2000). The district court granted the motion for summary judgment and dismissed Nasious's suit with prejudice.

Nasious then brought this appeal.[2] His opening brief addresses only the disposition of his claims against Malpass, Craig, and Riedmuller in their official capacities.[3] He argues genuine issues of material fact exist that preclude the grant

---

[2]Nasious's motion to proceed *in forma pauperis* on appeal is **granted**.

[3]A federal magistrate judge prepared a Report and Recommendation recommending that the Denver Defendants' motion for summary judgment be denied in part as to the claims against Malpass, Craig, and Riedmuller in their official capacities. The Report and Recommendation recommended the grant of the motion as to all remaining claims against the Denver Defendants. Nasious did not file timely objections to the recommendation that summary judgment be
(continued...)

of summary judgment on those claims.  We have reviewed the record, the appellate briefs, and the applicable law and conclude the district court's resolution of Nasious's complaint was proper.  The record contains no evidence establishing the elements of municipal liability.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").

The judgment of the district court dismissing Nasious's claims against the Denver Defendants is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[3](...continued)
granted in part.  Because Nasious does not appeal the grant of summary judgment on those claims, we need not decide whether the firm waiver rule bars appellate review of the claims.  *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.").