**Linda C. HOWARD, Plaintiff,**

v.

**MAIL–WELL ENVELOPE COMPANY, et al., Defendants.**

**Civ. A. No. 93–D–1895.**

United States District Court, D. Colorado.

Jan. 22, 1996.

David L. Smith, Denver, CO, for Plaintiff.

Jeffrey T. Johnson, Brian M. Mumaugh, Holland & Hart, Denver, CO, Randall A. Constantine, Amy J. Lloyd, Elrod & Thompson, P.C., Atlanta, GA, for Defendants.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

This matter is before the Court on plaintiff's Motion to Stay Proceedings Pending Appeal, filed October 13, 1995. For the reasons discussed below, the motion is DENIED.

## FACTUAL and PROCEDURAL HISTORY

Before discussing the merits of plaintiff's instant motion, a brief review of the procedural history of the case is helpful, if not necessary. In September 1993, plaintiff, through her counsel David L. Smith, filed this Title VII race discrimination action. In June 1994, after the defendants had filed motions for summary judgment and after scheduling and pre-trial orders had been entered, this court (Judge Weinshienk) ordered the case stayed pending "final action ... on the Committee On Conduct's recommendation concerning plaintiff's counsel's status." *See Order* entered June 17, 1994. Though not expressly stated in the record, Smith was apparently the subject of a disciplinary inquiry.

Plaintiff, again through Smith, filed an interlocutory appeal of this court's stay order, which the court of appeals held was "jurisdictionally defective because the order being appealed is not final [under] 28 U.S.C. § 1291." *Howard & Smith v. Mail–Well Envelope Co.,* No. 94–1317 (10th Cir. Nov. 15, 1994)(unpublished order). In its order dismissing plaintiffs' appeal, the court of appeals also referred the case to the circuit's disciplinary panel for consideration of sanctions. *Id.* at 2–3. Thereafter, on July 18, 1995, the court of appeals imposed monetary sanctions against plaintiff and Smith, prompting plaintiff to file a petition for rehearing which is still pending. *Howard & Smith v. Mail–Well Envelope Co.,* No. 94–1317 (10th Cir. July 18, 1995) (unpublished order).

In the interim, Smith's disciplinary status was resolved as evidenced by Judge Weinshienk's May 15, 1995 order which notes that Smith is "no longer authorized to practice law in the United States District Court for the District of Colorado." *See Order* entered May 15, 1995. The order also required plaintiff Howard to secure new counsel or proceed *pro se* and lifted the stay in this case effective August 15, 1995. *Id.*

On August 14, 1995—one day before the stay in this case was to be lifted—plaintiff filed a Motion to Clarify Status of Legal Representation and Notice of Plaintiff's Inability to Comply with Amended Minute Or-

der Dated July 21, 1995. The motion stated that plaintiff is "unaware of any order removing [Smith] as [Howard's] attorney" and that "Howard is financially unable to hire substitute counsel and is incompetent to proceed *pro se.*" The motion was signed by both Howard and Smith.

In response to plaintiff's motion, on September 7, 1995, this court (Judge Weinshienk) ordered that attorney's fees and costs "be assessed only against attorney David Smith, as plaintiff Linda Howard should not be penalized for her attorney's inappropriate litigation strategy." *Order* entered September 7, 1995. This court also ordered that plaintiff's August 14, 1995 motion "will be treated as a pro se motion for extension of time to secure new counsel, and is granted to September 22, 1995." *Id.* This court also ordered that it "will no longer accept any papers which have been signed by Mr. Smith." *Id.*

Thereafter, on September 22, 1995, plaintiff Howard filed a Motion to Permit Mr. Smith to Continue to Represent Ms. Howard on a Hardship Basis based on her inability to obtain substitute counsel.[1] On October 6, 1995, after the case had been transferred to me, I denied plaintiff's motion and noted that "the Court's May 15, 1995 Order indicat[es] that David L. Smith is no longer authorized to practice law before this court." *Order* issued October 6, 1995. Finally, on October 10, 1995, Smith and Howard filed a Notice of Appeal in regards to Judge Weinshienk's September 7, 1995 order.

With this background in mind, I turn to the latest motion filed by Smith and Howard entitled Motion to Stay Proceedings Pending Appeal. In short, after noting that plaintiffs have two appeals pending before the Tenth Circuit,[2] the motion states that a stay is proper because:

[t]he filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal

from the district court to the court of appeals, and divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal.

(Emphasis added).

## ANALYSIS

As stated in *Stewart v. Donges,* 915 F.2d 572 (10th Cir.1990),

Our analysis of this question begins with the axiomatic premise that "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" [citations omitted]

Ordinarily the principle works the other way as well, and courts of appeal have no jurisdiction to review orders of the district court until there is a "final decision" from the district court under 28 U.S.C. § 1291. However, the Supreme Court has held that there is a small class of decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546 [69 S.Ct. 1221, 1226, 93 L.Ed. 1528] (1949). For appeals of decisions falling within the collateral order exception, the court has given 28 U.S.C. § 1291 a "practical rather than a technical construction," and held that these type of interlocutory appeals ought to be treated as appeals from final decisions. *Id.*

---

1. Though signed only by Howard, a footnote in the motion states that "[t]his motion was prepared by Ms. Howard with the assistance of Mr. Smith."

2. Note, technically plaintiffs have only one *appeal* pending before the Tenth Circuit. That is,

plaintiffs' *petition for rehearing* filed with the Tenth Circuit on August 1, 1995, is pending, and plaintiffs' *appeal* of this court's September 7, 1995, order is pending. For convenience, and to avoid confusion, plaintiff's petition for rehearing is referred to as an "appeal."

*Id.* at 574 (emphasis added). In *Stewart*, the court held that "an interlocutory appeal from an order refusing to dismiss on *double jeopardy or qualified immunity grounds* relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Id.* (emphasis added).

As a threshold matter, it is clear that plaintiff's pending appeals are interlocutory in nature. Specifically, and as described above, plaintiff's petition for rehearing [hereinafter referred to as plaintiff's "first pending appeal"] relates to the court of appeals imposition of sanctions against plaintiff and counsel. Similarly, plaintiff's appeal of Judge Weinshienk's September 7, 1995 order [hereinafter referred to as plaintiff's "second pending appeal"] relates principally to two things: (1) costs assessed against Smith, and (2) that portion of the order which states that the court will no longer accept papers which have been signed by Mr. Smith. Thus, for this court to be divested of jurisdiction, plaintiff's pending appeals must fall within the collateral order exception of 28 U.S.C. § 1291. *See Cohen,* 337 U.S. at 546, 69 S.Ct. at 1226.

■ As for plaintiff's first pending appeal, it can in no way divest this court of continuing jurisdiction. As stated in *Garcia v. Burlington Northern R.R. Co.,* 818 F.2d 713, 721 (10th Cir.1987), "when an interlocutory appeal is taken, the district court retains jurisdiction to proceed with *matters not involved in that appeal."* (Emphasis in original.) Here, plaintiff's first pending appeal relates only to the court of appeal's July 18, 1995 order which imposed sanctions on plaintiff and counsel. Since that order relates solely to monetary sanctions awarded against plaintiff, it does not affect the continuation of this action. Even assuming *arguendo* that the court of appeals grants plaintiff's petition for rehearing and vacates its earlier sanction order, such an action has no bearing on the orderly continuation of this case.

Plaintiff's second pending appeal, however, cannot be dismissed as unrelated to the rest of the action. Specifically, in their Notice of Appeal, Howard and Smith appeal that portion of Judge Weinshienk's September 7, 1995 order which states that "this court will no longer accept any papers which have been signed by Mr. Smith." In essence, that portion of the order served as a *de facto* disqualification of counsel which, admittedly, permeates every aspect of this case. That is, at least on a pragmatic level, the constructive disqualification of Smith impacts the entire case. More concretely, Smith's disqualification may force Howard to proceed *pro se.* "In th[is] regard, an interlocutory appeal from an order refusing to [allow counsel to file papers] relates to the entire action[.]" *Stewart,* 915 F.2d at 576. Put another way, assume that the court of appeals reverses Judge Weinshienk's September 7, 1995 order and holds that Smith can sign papers in this action. Naturally, if during the pendency of plaintiff's interlocutory appeal this case proceeds to trial absent Smith, then the entire trial will have been tainted.

■ However, just because plaintiff's second pending appeal affects the remainder of this case does not necessarily mean that this court is divested of continuing jurisdiction. Though perhaps a mere afterthought, underlying the *Stewart* court's holding is a simple proposition: "Once a notice of appeal on *an appealable issue* such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed." *Id.* at 577 (emphasis added). Or, as the court in *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338 (10th Cir.1976), stated: "If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, *reference to a non-appealable order,* or otherwise, the district court may ignore it and proceed with the case." *Id.* at 340–41 (emphasis added).[3] The reason that a district court is allowed to disregard a nonappealable order is that "[o]therwise a litigant could temporarily deprive a court of jurisdiction at any and every

---

**3.** *See also Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563 (10th Cir.1979) ("We have held that a district court retains jurisdiction if the notice of appeal is untimely filed or refers to a non-appealable order."); *United States v. Stipe,*

653 F.2d 446, 449 (10th Cir.1981) ("Now that we have considered the issue on its merits we agree fully with the trial court's conclusion that the appeal was and is deficient.").

critical juncture." *Hodgson v. Mahoney,* 460 F.2d 326, 328 (1st Cir.), *cert. denied* 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488 (1972). Thus, the question is begged whether this court's September 7, 1995 order is an "appealable order." *Arthur Andersen,* 546 F.2d at 341.

■ As already detailed, the only portion of this court's September 7, 1995 order which permeates the on-going nature of this case is that portion which forbids Smith from filing papers in this action. Though not stated as such, that portion of the order is in effect an order to disqualify counsel. Accordingly, the relevant inquiry is whether an order to disqualify counsel is subject to the collateral order exception of 28 U.S.C. § 1292.

Until the Supreme Court resolved the issue in *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), the "Courts of Appeals [were] divided on the appealability of orders disqualifying counsel in a civil case." *Id.* at 432, 105 S.Ct. at 2762. As the Supreme Court framed the issue:

> An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation. There has been no trial or final judgment in this case, and indeed the stay imposed by the Court of Appeals assures that there can be none pending the outcome of these interlocutory proceedings. Section 1291 accordingly provides jurisdiction for this appeal only if orders disqualifying counsel in civil cases fall within the "collateral order" exception to the final judgment rule.

*Id.* at 431, 105 S.Ct. at 2761.

In answering the question, the Supreme Court first noted that it "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal." *Id.* at 439, 105 S.Ct. at 2765. After discussing a number of factors, the court then stated:

> In light of these factors, we conclude that orders disqualifying counsel in civil cases,

as a class, are not sufficiently separable from the merits to qualify for interlocutory appeal.... We hold that orders disqualifying counsel in civil cases are not collateral orders subject to appeal as "final judgments" within the meaning of 28 U.S.C. § 1291. The Court of Appeals lacked jurisdiction to entertain respondent's appeal and should not have reached the merits.

*Id.* at 440–41, 105 S.Ct. at 2766 (emphasis added).

Accordingly, under *Richardson–Merrell,* plaintiff's appeal is not "immediately appealable under the collateral order exception to the final judgment rule." *In re American Cable Publications, Inc.,* 768 F.2d 1194, 1195 (10th Cir.1985) (citing *Richardson–Merrell,* 472 U.S. at 435, 105 S.Ct. at 2763).[4] Thus, since plaintiff's appeal is deficient insofar as it references a nonappealable order, this "court may ignore it and proceed with the case." *Arthur Andersen,* 546 F.2d at 341.

In conclusion, plaintiffs' two pending interlocutory appeals do not divest this court of its continuing jurisdiction. More precisely, plaintiffs' first appeal does not affect any aspect of the underlying action, and plaintiffs' second appeal does not fall within the collateral order exception of section 1291. Therefore, since this case was previously stayed in excess of one year while Smith's disciplinary status was reviewed and since this Court has previously implored Howard to obtain substitute counsel, it is hereby

ORDERED that Plaintiff's Motion to Stay Proceedings Pending Appeal is DENIED.

---

4. *Cf. Cole v. Ruidoso Municipal Sch.,* 43 F.3d 1373, 1383 n. 7 (10th Cir.1994) ("The order denying the motion to disqualify defense counsel was not itself appealable."); *Blondin v. Winner,* 822 F.2d 969, 973 n. 4 (10th Cir.1987).