UNITED STATES COURT OF APPEALS

**Filed 6/12/96**

FOR THE TENTH CIRCUIT

GEANA J. DUNKIN,

      Plaintiff,

v.

LOUISIANA-PACIFIC
CORPORATION; JAMES BELDIN;
DOUGLAS EDDINS,

      Defendants-Appellees,

DAVID L. SMITH,

      Attorney-Appellant.

No. 95-1087
(D.C. No. 92-N-243)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Attorney-appellant David L. Smith appeals sanction orders entered against him by the district court and that court's refusal to vacate those orders following the parties' settlement of the underlying lawsuit. Plaintiff-appellant Geana J. Dunkin argues that the district judge should have recused, that he interfered with the attorney-client relationship, and that he abused his discretion when he stayed her case pending the resolution of her attorney's disciplinary status.

We have reviewed the record in this case and the briefs of the parties. We find that the district court was well within its discretion in imposing sanctions against Mr. Smith. Mr. Smith's argument that previous appeals to this court were not frivolous has been foreclosed by previous panels of this court. See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993), cert. denied, 115 S. Ct. 53 (1994). Ms. Dunkin's arguments regarding the district court's refusal to recuse, its alleged interference with the attorney-client relationship, and its stay of her case became moot when the parties settled their underlying dispute.

Finally, the district court did not err in refusing to vacate the previously imposed sanctions. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S. Ct. 386, 393 (1994). This case does not present the exceptional circumstances which, in some instances,

2

can support the vacatur of previous sanctions.  See id.; see also Oklahoma Radio Assocs. v. FDIC, 3 F.3d 1436, 1444-45 (10th Cir. 1993).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge