**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 7/23/96**

**TENTH CIRCUIT**

_____

LINDA C. HOWARD,

    Plaintiff-Appellant,

v.

MAIL-WELL ENVELOPE COMPANY,
BUTLER PAPER COMPANY, GEORGIA-
PACIFIC CORPORATION, GREAT
NORTHERN NEKOOSA CORPORATION
EMPLOYEE PROTECTION PLAN,

    Defendants-Appellees,
_____

DAVID L. SMITH,

    Attorney-Appellant.

No. 95-1428

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 93-D-1895)**

_____

Submitted on the briefs:[*]

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Linda C. Howard, pro se for Plaintiff-Appellant and David L. Smith, pro se, Denver, Colorado, for Attorney-Appellant.

Jeffrey T. Johnson, Brian M. Mumaugh of Holland & Hart, Denver, Colorado, for Defendants-Appellees Mail-Well Envelope Company, Butler Paper Company, and Georgia-Pacific Corporation and Attorneys for Defendant-Appellee Great Northern Nekoosa Employee Protection Plan; Randall A. Constantine and Amy L. Lloyd of Elrod and Thompson, Atlanta, Georgia, for Defendant-Appellee Great Northern Nekoosa Corporation Employee Protection Plan.

_____

Before **ANDERSON, BRORBY** and **HENRY**, Circuit Judges.

_____

**BRORBY**, Circuit Judge.

_____

Attorney David L. Smith brings this interlocutory appeal challenging the district court's order awarding appellees $8,640.00 in sanctions. For the reasons stated, we dismiss for lack of jurisdiction.

**I**

This case is but the latest chapter of the continuing saga of attorney David L. Smith. In 1993, we issued an order to show cause why Mr. Smith should not be fined, disbarred, or otherwise disciplined for filing frivolous appeals. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam), *cert. denied*, 115 S. Ct. 53 (1994). During oral argument on the order to show cause, Mr. Smith admitted he had not paid any of the sanctions previously imposed on him by this court and by

the district court. *Id.* We therefore suspended him from the practice of law before the Tenth Circuit until and unless he demonstrated he had paid all of the sanctions levied against him. *Id.* In December 1995, we issued a second order to show cause why Mr. Smith should not be disbarred for violating this court's 1993 suspension order by drafting briefs on behalf of allegedly pro se appellants in at least four cases: *Qualls v. Regional Transportation Dist.*, No. 94-1127; *Dunkin v. Louisiana Pacific Corp.*, No. 94-1130; *Howard v. Mail-Well Envelope Co.*, No. 94-1317; and *Seales v. Jefferson County Sch. Dist. R-1*, No. 95-1198. *In re Smith*, 76 F.3d 335 (10th Cir. 1996) (per curiam). Mr. Smith admitted he had written and submitted the briefs in question. *Id.* at 336. We therefore ordered Mr. Smith's name be stricken from the list of attorneys allowed to practice before the Tenth Circuit. *Id.* The United States Supreme Court has also disbarred Mr. Smith. *In re Disbarment of David L. Smith*, ___ U.S. ___, 116 S. Ct. 510 (1995).

After we initially suspended Mr. Smith from practicing before this court in 1993, *see In re Smith*, 10 F.3d 723, the Committee on Conduct of the United States District Court for the District of Colorado took up the question of whether Mr. Smith should also be suspended from practicing before that court. Pending final action by the Committee on Conduct, the district court stayed all proceedings in this case. *See Howard v. Mail-Well Envelope Co.*, 164 F.R.D. 524,

525 (D. Colo. 1996). Both Ms. Howard and Mr. Smith appealed the stay order, but we dismissed their appeal for lack of jurisdiction. *Howard v. Mail-Well Envelope Co.*, No. 94-1317 (10th Cir. Nov. 15, 1994); *see Howard*, 164 F.R.D. at 525. In our order, we referred appellees' motion for sanctions on appeal to a Tenth Circuit disciplinary panel. *Id.* The disciplinary panel granted appellees' motion, awarded double costs and attorney fees, and remanded the case to the district court to determine the amount of attorney fees to be awarded. *Howard v. Mail-Well Envelope Co.*, No. 94-1317 (10th Cir. July 18, 1995). By an order dated September 7, 1995, the district court concluded $8,640.00 in attorney fees should be awarded to the appellees, to be paid exclusively by Mr. Smith. The district court also advised Ms. Howard that Mr. Smith had been suspended from practicing law before the United States District Court for the District of Colorado, *see In re Smith*, No. 95-1119, 1996 WL 67191 (10th Cir. Feb. 16, 1996) (affirming district court disciplinary panel's suspension order); *Howard*, 164 F.R.D. at 525 (noting Mr. Smith's disciplinary status has been resolved and that he is no longer authorized to practice in the United States District Court for the District of Colorado); that the district court would no longer accept documents signed by Mr. Smith; that she should seek new counsel; and that until she hired an attorney she would be considered to be a pro se litigant.

Both Mr. Smith and Ms. Howard appealed the September 7, 1995 order asserting a litany of errors. A jurisdictional panel of this court dismissed Ms. Howard's claims, leaving Mr. Smith as the sole appellant. *Howard v. Mail-Well Envelope Co.*, No. 95-1428 (10th Cir. Feb. 26, 1996). The jurisdictional panel also dismissed Mr. Smith's challenge to the district court's decision to terminate his representation of Ms. Howard and to no longer accept filings signed by Mr. Smith. *Id.*; *see Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985) (order disqualifying counsel in a civil case is not immediately appealable); *United States v. Dickstein*, 971 F.2d 446 (10th Cir. 1992) (revocation of permission to appear *pro hac vice* in a criminal case is not immediately appealable). In addition, to the extent Mr. Smith challenges the propriety of the Tenth Circuit disciplinary panel's award of double costs and attorney fees as sanctions for filing a frivolous appeal, *see Howard v. Mail-Well Envelope Co.*, No. 94-1317 (10th Cir. July 18, 1995), we are without power to grant relief. *See In re Smith*, 10 F.3d at 724 (a three judge-panel cannot overrule the prior decision of another three-judge panel of this court). Accordingly, the only issue properly before this panel is whether the district court's calculation of the appropriate dollar amount of sanctions in the September 7, 1995, order amounted to reversible error.

## II

As a threshold matter, we must determine whether we have jurisdiction over this appeal in light of the fact that Ms. Howard's case is still pending in district court. In *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 827 (10th Cir. 1990), we "join[ed] the majority of circuit courts that have addressed the issue and [held] that a sanction order against an attorney currently of record is not a final decision for purposes of a § 1291 appeal where the underlying controversy remains unresolved." We also held such an order is not appealable under the collateral-order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), *G.J.B. & Assoc.*, 913 F.2d at 827-29, which the Supreme Court has recently explained "is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it." *Digital Equip. Corp. v. Desktop Direct, Inc.*, ___ U.S.___, ___, 114 S. Ct. 1992, 1995 (1994) (citations omitted); *Stubblefield v. Windsor Capital Group.*, 74 F.3d 990, 997 (10th Cir. 1996). The crux of our decision regarding the collateral-order doctrine was that the attorney may challenge the sanction order as part of an appeal from the final judgment, even if the parties settle or decline to appeal, and therefore it is not effectively unreviewable absent an interlocutory appeal. *See G.J.B. & Assocs.*, 913 F.2d at 829 ("We reject any notion that an attorney risks losing the right to appeal if the parties settle or elect not to appeal from the final

judgment"); *see also Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) (attorneys have standing to appeal orders issued directly against them, but lack standing to appeal orders applicable only to their clients). Similarly, in *Dickstein*, 971 F.2d at 448, we held an order revoking defense attorney Jeffrey A. Dickstein's permission to appear *pro hac vice* due to improper conduct was not immediately appealable, because it did not amount to a "final decision[] of the district court[]" within the meaning of 28 U.S.C. § 1291. *Id.* at 448. Further, as in *G.J.B. & Associates*, we held the challenged order was not appealable under the collateral-order doctrine because it was not effectively unreviewable through an appeal from a final judgment in the underlying case. *Id.* at 451. We explained that the only right defense counsel sought to vindicate in his interlocutory appeal was his reputation, which could be just as effectively rehabilitated through an appeal from a final judgment as through an interlocutory appeal, and that he did not seek to vindicate his asserted interest in continuing to represent the defendant throughout the remainder of the proceedings in district court. *Id.* Most recently, in *Johnson v. Board of County Comm'rs*, 85 F.3d 489 (10th Cir. 1996), we exercised jurisdiction over an appeal from an order disqualifying the attorney-appellant from representing one of the parties, even though the underlying controversy had been dismissed with prejudice pursuant to a settlement agreement. We explained our cases "establish that settlement of an

underlying case does not preclude appellate review of an order disqualifying an attorney from further representation insofar as that order rests on grounds that could harm his or her professional reputation." *Id.* at 492.

We have no difficulty concluding the order challenged in this case does not amount to a "final decision[] of the district[] court" within the meaning of 28 U.S.C. § 1291. *See Stubblefield*, 74 F.3d at 995-96 (a "final decision of the district court ... 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment'") (quoting *Digital Equip.*, ___ U.S. at ___, 114 S. Ct. at 1995 (citation and internal quotation marks omitted)). Furthermore, in light of our decisions in *G.J.B. & Associates*, *Dickstein*, and *Johnson*, we also conclude we lack jurisdiction over Mr. Smith's interlocutory challenge to the district court's decision under the collateral-order doctrine for three reasons: First and foremost, we see no meaningful distinction between Mr. Smith's position and that of Mr. Dickstein. As in *Dickstein*, Mr. Smith no longer represents a party in the litigation, but faces the stigma of a ruling that reflects negatively on his competence and conduct. However, as was also the case in *Dickstein*, the decision Mr. Smith now challenges may be effectively reviewed in an appeal from a final judgment, even if the parties settle their dispute or otherwise elect not to appeal.

Second, we disagree with the rationales underlying the decisions of the Third, Fifth and Seventh Circuits holding a sanction order against an attorney who no longer represents a party in the litigation is appealable under the collateral-order doctrine. *See Markwell v. County of Bexar*, 878 F.2d 899 (5th Cir. 1989); *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 537-39 (3d Cir. 1985); *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 225-26 (7th Cir. 1984). The central thesis of these decisions is that attorneys who no longer represent parties in a case may be unable to challenge a sanction order by filing an appeal after a final judgment is entered for two reasons: first, their former clients might settle or elect not to appeal; and second, the attorney might not be notified that a final judgment has been entered given that he no longer actively participates in the litigation. Regarding the first rationale, our decisions in *G.J.B. & Associates*, *Dickstein* and *Johnson* make it clear an attorney may appeal a sanction or disqualification order even if his former client settles or does not appeal. Regarding the second rationale, we believe our sister circuits' analyses improperly blur the line between the impossibility of effective review necessary under the *Cohen* doctrine and mere inconvenience of monitoring the former client's case and performing the other tasks necessary to perfect an appeal.

Third, our cases make it clear the mere fact the sanction order in this case

is currently due in full does not give rise to the type of irreparable harm justifying review under the collateral-order doctrine. In declining to adopt a blanket rule that all sanctions are immediately appealable under *Cohen*, this court has held, in a unanimous en banc decision, that "[a]ttorneys and parties [must] be fully aware that they must bear the burden of sanctions to the conclusion of the case and appeal on the merits of the fully adjudicated case." *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1446 (10th Cir. 1984) (en banc). We see no reason to create an exception to this general rule and allow attorneys who no longer represent a party in the underlying case an immediate opportunity to relieve themselves of the consequences of their misconduct merely because those consequences are monetary, nor could such a holding be reconciled with our decision in *G.J.B. & Assocs*. We also see no reason to permit an immediate appeal under *Cohen* so that Mr. Smith can, without delay, attempt to somehow rehabilitate his reputation by persuading us to set aside the district court's decision. Mr. Smith's interest in promptly diminishing the stigma associated with the district court's decision is no greater than Mr. Dickstein's.

Finally, we see no basis for jurisdiction under 28 U.S.C. § 1292(a), because the challenged decision is not an injunction, or under the All Writs Statute, 28 U.S.C. § 1651, because Mr. Smith may secure adequate review through an appeal

from the final judgment in the underlying case and because he has otherwise failed to make the showing required to obtain a remedy under that statute. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("In order to be entitled to mandamus relief, a petitioner must show a clear abuse of discretion or conduct which arbitrarily assumes and exercises authority contrary to that of the judiciary.... Additionally, because mandamus is an extraordinary remedy, a petitioner must also show that he lacks an alternative for the relief he seeks and that his right to the writ is not in dispute"); *Appeal of Licht & Semonoff*, 796 F.2d 564, 573 (1st Cir. 1986) (writ of mandamus will not lie because sanction order may be reviewed on appeal from final judgment). Furthermore, the district court has not taken the steps necessary to invoke our jurisdiction under 28 U.S.C. § 1292(b). Finally, even if we assume for the sake of discussion we would have jurisdiction if the district court had made an express finding there was "no just reason for delay" and directed entry of judgment against Mr. Smith pursuant to Fed. R. Civ. P. 54(b), which we consider to be a very great assumption indeed, the district court made no such express finding in this case.

Appeal **DISMISSED.** Petition for writ of mandamus or prohibition **DENIED**.

-11-