F I L E D
United States Court of Appeals
Tenth Circuit

JUN 29 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LINDA C. HOWARD,

      Plaintiff,

v.

MAIL-WELL ENVELOPE
COMPANY, BUTLER PAPER
COMPANY, GEORGIA-PACIFIC
CORPORATION, GREAT
NORTHERN NEKOOSA
CORPORATION EMPLOYEE
PROTECTION PLAN,

      Defendants-Appellees,

------------------------------------------------

DAVID L. SMITH,

      Attorney-Appellant.

No. 97-1297

---

JAMES EDWARD QUALLS,

      Plaintiff,

v.

REGIONAL TRANSPORTATION
DISTRICT; RICHARD BAUMAN;

No. 97-1392

ROBERT GARSIDE; RICHARD REYNOLDS; ELLSWORTH WALKER; and JAMES MISEK,

        Defendants-Appellees,

---------------------------------------------

DAVID L. SMITH,

        Attorney-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. Nos. 93-D-1895 & 91-Z-989)**

Submitted on the briefs:

David L. Smith, Pro se Attorney-Appellant.

Brian M. Mumaugh, Jeffrey T. Johnson, of Holland & Hart, Denver, Colorado, for Defendants-Appellees Mail-Well Envelope Co., Butler Paper Co., and Georgia Pacific Corp., and Randall A. Constantine, of Elrod & Thompson, Atlanta, Georgia, for Great Northern Nekoosa Corporation Employee Protection Plan.

Dana N. Mumey, Associate General Counsel, and Erica A. Weber, Assistant General Counsel, Regional Transportation District, Denver, Colorado, for Defendant-Appellee Regional Transportation District.

Before **BALDOCK** , **EBEL** , and **MURPHY** .

**PER CURIAM** .

Attorney-appellant David L. Smith appeals from adverse decisions in two separate district court proceedings in which he served for a time as plaintiff's counsel. Because these appeals concern interrelated orders and similar issues, the hearing panel has combined them for disposition. [1] We also announce, with the full participation of the en banc court, general restrictions on Mr. Smith's future appellate filings based on his history of repetitive, meritless litigation in this court.

These appeals may be put in perspective with some factual and procedural background common to both. Much of the information particularly relevant to these proceedings is recited in prior related decisions of this court. See generally Howard v. Mail-Well Envelope Co., 90 F.3d 433 (10th Cir. 1996); Qualls v. Regional Transp. Dist., Nos. 95-1385, 95-1459, 95-1489, 1996 WL 412414 (10th Cir. July 23, 1996). A broader discussion of Mr. Smith's litigious history in this court is included in the last section of this opinion, relating to the proposed filing restrictions.

Mr. Smith was suspended from practice before this court in November of 1993. Thereafter, the district judge entered orders in both of these cases

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

staying proceedings pending a determination of his practice status in the United States District Court for the District of Colorado. Mr. Smith immediately appealed from the stay orders, but this court dismissed his interlocutory appeals for lack of jurisdiction, awarded appellate sanctions to appellees, and remanded for a determination of an appropriate amount.

In the meantime, Mr. Smith was suspended from practice in the district court. Consequently, the district judge lifted the extant stays, acknowledged that Mr. Smith was no longer authorized to appear as counsel, and directed the plaintiffs to secure new legal representation or notify the court of their intention to prosecute their cases pro se. Mr. Smith immediately appealed again, challenging these actions as well as various sanctions imposed against him. These interlocutory appeals were also dismissed for lack of jurisdiction.[2]

Ultimately, the parties settled their differences by written stipulation, and the district court entered judgments of dismissal in both cases. Mr. Smith, who personally takes issue with these stipulated dispositions, subsequently filed the instant appeals. Further details relating to the proceedings are included in the discussion of each appeal below.

---

[2] Eventually Mr. Smith did secure appellate review of certain orders issued in Qualls v. Regional Transportation District, D.C. No. 91-Z-989, by repeatedly filing notices of appeal, some of which were received, properly, after entry of final judgment in the case. See Qualls, 1996 WL 412414, at **1.

# I

In <u>Howard v. Mail-Well Envelope Company</u>, No. 97-1297, Mr. Smith directly appeals from the district court's judgment dismissing the case pursuant to the parties' stipulation following his withdrawal as plaintiff's counsel. Mr. Smith raises a host of issues. Some of these he lacks standing to assert, many more are simply redundant, and all are, ultimately, meritless.

First of all, as a general matter, Mr. Smith argues that the district court lacked jurisdiction to enter any of the challenged orders after he had taken two interlocutory appeals to this court in the case. It is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals. <u>See</u> <u>Stewart v. Donges</u>, 915 F.2d 572, 575 (10th Cir. 1990). However, there are pertinent limitations on this transfer of jurisdiction.

First, no transfer occurs if the appeal is taken from a nonappealable order. <u>See</u> <u>United States v. 397.51 Acres of Land</u>, 692 F.2d 688, 693 (10th Cir. 1982); <u>Riggs v. Scrivner, Inc.</u>, 927 F.2d 1146, 1148 (10th Cir. 1991); <u>see also</u> <u>Stewart</u>, 915 F.2d at 575 (noting transfer of jurisdiction by appeal "from true final judgment or from a decision within the collateral order exception"). Second, the transfer affects only those aspects of the case involved in the appeal. <u>See</u> <u>Stewart</u>, 915 F.2d at 575. Thus, when an appeal is taken from a limited interlocutory ruling, as opposed to one that affects the litigation as a whole, the

-5-

district court may proceed with the case. <u>Compare</u> <u>Colorado v. Idarado Mining Co.</u>, 916 F.2d 1486, 1490 & n.2 (10th Cir. 1990), <u>with</u> <u>Stewart</u>, 915 F.2d at 576. Conversely, even a general appeal does not divest the district court of jurisdiction over peripheral, collateral matters such as attorneys' fees. <u>See</u> <u>Stewart</u>, 915 F.2d at 575 n.3 (following <u>Garcia v. Burlington N. R.R.</u>, 818 F.2d 713, 721 (10th Cir. 1987)).

It is evident from a review of the interlocutory appeals cited by Mr. Smith that these exceptions to the jurisdictional rule he relies on are clearly operative here. As the district court has already explained, the cited appeals challenged matters that were of limited scope relative to the litigation as a whole and were, in any event, not immediately appealable--indeed, this court has already confirmed the latter conclusion by its disposition of the appeals. <u>See</u> <u>Howard</u>, 90 F.3d at 435-37 (dismissing appeal No. 95-1428 for lack of an appealable order, and noting previous jurisdictional dismissal of <u>Howard v. Mail-Well Envelope Co.</u>, No. 94-1317 (10th Cir. Nov. 15, 1994)). Thus, the district court properly proceeded with the case.

Turning now to more specific objections, Mr. Smith contends that by disqualifying him, the district court deprived the plaintiff of her First and Seventh Amendment rights. However, Mr. Smith has standing to raise only issues which concern his own personal interests; grievances he perceives and attributes to a

former client are not properly within the scope of this appeal. Compare Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854-55 (10th Cir. 1993) (attorney cannot personally appeal orders applicable only to party), with Riggs, 927 F.2d at 1149 (attorney may appeal orders issued directly against him).

Mr. Smith's next claim, that the parties' stipulation and the judgment entered thereon deprived him of the benefit of attorneys' fees under 42 U.S.C. § 1988, suffers from a related standing deficiency:

> The Supreme Court has made it clear that, in general, statutes bestow fees upon parties, not upon attorneys. Those fees can, therefore, be waived by the party himself. As the Court has said, "just as we have recognized that it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as [42 U.S.C. § 1988] is concerned, it is the party's right to waive, settle, or negotiate that eligibility." Thus, the attorney remains at the mercy of the client, who can either demand attorneys' fees from the defendant, or not, as he chooses. If the client chooses not to ask for the fees, the attorney has no standing to request them.

United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89 F.3d 574, 577 (9th Cir. 1996) (citations omitted; alteration in original); see Benitez v. Collazo-Collazo, 888 F.2d 930, 933 (1st Cir. 1989) ("The 'prevailing party' language [of § 1988] makes it patently obvious that it is the prevailing party, not the party's counsel, who is entitled to be awarded fees[,]" and, hence, "only the party, and not the attorney, has standing to appeal any such grant or denial."); see also Uselton, 9 F.3d at 854-55 (citing "client's entitlement to attorneys' fees from opposing party" as example of order client, but not counsel, may appeal).

Under these same principles, Mr. Smith may challenge the sanctions imposed against him.    See, e.g. , Riggs, 927 F.2d at 1149.  However, his objections to the legal basis for sanction is precluded by this court's prior decision directing the district court to take such punitive action.    See Howard, 90 F.3d at 435.  Thus, the only sanction issue before us at this point is whether the district court's calculation of the amount was proper.    See id.  Mr. Smith's argument in this regard that the district court's reliance on the defendants' application and supporting documentation was somehow improper--when he had filed no objection to these materials--is meritless.

Mr. Smith also complains that he was not given an adequate opportunity to be heard with respect to his disqualification as plaintiff's counsel.  Given his formal suspension from practice necessitating the disqualification, this objection is frivolous.  Similarly meritless is his completely unsubstantiated accusation of bias on the part of the trial judge.

As noted at the outset, Mr. Smith raises a host of overlapping, repetitious, and conclusory objections.  Whether or not each has been expressly included in the above discussion, we have considered all of the issues raised in this appeal and have concluded that Mr. Smith is not entitled to any relief.

Defendants have requested that they be dismissed from further proceedings in this case, asserting that they "have no interest in the outcome of this appeal by

Smith." Defendants' Br. at 2. As Mr. Smith's appeal involves a sanction payable to defendants, who have not formally settled or released the obligation, we deny their request, but hereby direct that they need not respond to any further filings herein absent an order from this court.

## II

In Qualls v. Regional Transportation District, No. 97-1392, Mr. Smith appeals from the district court's denial of a Fed. R. Civ. P. 60(b) motion he filed on his own behalf. As described above, the district court entered judgment on stipulation of the parties at a time when, due to professional discipline, Mr. Smith no longer represented the plaintiff. Notwithstanding this formal dissociation from the case, Mr. Smith later attempted, unsuccessfully, to challenge the judgment under Rule 60(b). We review the district court's decision solely for abuse of discretion, see Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996), and affirm.

There is no need to delve into detail here. Although appealing from the denial of his Rule 60(b) motion, Mr. Smith devotes a substantial portion of his brief to rehashing complaints about his previous sanctions, disqualification, and discipline. (Indeed, the argument actually directed at the Rule 60(b) ruling is so perfunctory that he never even discusses the substantive basis for the motion.) Much of what we have already said above, and decided in Qualls v. Regional

Transportation District, Nos. 95-1385, 95-1459, 95-1489, 1996 WL 412414

(10th Cir. July 23, 1996), applies also to these stale and conclusory objections.

Mr. Smith has clearly not demonstrated any abuse of the district court's

discretion. Furthermore, we note that his Rule 60(b) motion was patently out

of time. The cause of action was dismissed with prejudice on October 10, 1995,

but Mr. Smith did not file his motion until September 26, 1997. Nothing he has

argued on appeal would justify invocation of those grounds in Rule 60(b)(4) - (6)

which permit filing beyond the one-year deadline otherwise imposed by the Rule.

For the foregoing reasons, the judgments of the United States District Court

for the District of Colorado are AFFIRMED.

**Prospective Filing Restrictions**

---

Before **SEYMOUR,** Chief Judge , **PORFILIO, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, HENRY, BRISCOE, LUCERO,** and **MURPHY,** Circuit Judges.

---

Mr. Smith has a long history with this court marred by repetitive, frivolous filings and general abuse of the judicial process. This well-documented course of misconduct began during his tenure as a practicing attorney, prompting the imposition of numerous monetary sanctions, his suspension from Tenth Circuit practice, and ultimately his disbarment by this court. [3] See generally In re David L. Smith , 76 F.3d 335 (10th Cir. 1996) (ordering disbarment); In re David L. Smith , 10 F.3d 723 (10th Cir. 1993) (ordering suspension); DeHerrera v. City & County of Denver ex rel. Bd. of Water Comm'rs , Nos. 93-1070, 93-1139, 1993 WL 359691 (10th Cir. Sept. 3, 1993) (imposing monetary sanction); Casillan v. Regional Transp. Dist. Amalgamated Transit Union, Local 1001 , Nos. 92-1009, 92-1039, 1993 WL 8732 (10th Cir. Jan. 15, 1993) (same). While such disciplinary steps have curtailed Mr. Smith's professional misfeasance, they do not address his similar abuse of the judicial process as a litigant in his own right.

---

[3] The United States Supreme Court has also disbarred Mr. Smith. See In re Disbarment of David L. Smith, 516 U.S. 984, 116 S. Ct. 510 (1995).

Since his suspension and disbarment, Mr. Smith has pressed on as a litigant with the same pattern of meritless, repetitive litigation that led to his professional censure. Jurisdictional dismissals and summary affirmances in this regard, often in successive appeals from the same litigation which prompted his professional discipline, have become commonplace. See, e.g. , Howard , 90 F.3d 433; Qualls , Nos. 95-1385, 95-1459, 95-1489, 1996 WL 412414; DeHerrera v. City & County of Denver ex rel. Bd. of Water Comm'rs , No. 95-1110, 1996 WL 316473 (10th Cir. June 12, 1996); Casillan v. Regional Transp. Dist. , No. 93-1158, 1993 WL 521053 (10th Cir. Dec. 14, 1993). Further, Mr. Smith's pro se filings have involved the same substantive redundancy as his professional efforts. See, e.g. , Dunkin v. Louisiana-Pacific Corp. , No. 96-1411, 1997 WL 447327 (10th Cir. July 28, 1997), cert. denied , 118 S. Ct. 884 (1998); Dunkin v. Louisiana-Pacific Corp. , No. 95-1087, 1996 WL 316467 (10th Cir. June 12, 1996); In re David L. Smith , Nos. 95-1119, 95-1091, 1996 WL 67191 (10th Cir. Feb. 16, 1996). This court has on previous occasions warned Mr. Smith that his continued engagement in repetitious pro se litigation could lead to additional personal sanctions. See, e.g. , Saathoff v. Filenet Corp. , No. 95-1206, 1996 WL 294211 (10th Cir. June 4, 1996); In re David L. Smith , 1996 WL 67191. Indeed, a panel of this court has already ordered the clerk not to accept any more

successive filings by Mr. Smith contesting his disbarment. See Smith v. United States District Court, No. 98-1030 (Orders filed April 9 and May 13, 1998).

Evidently, neither professional discipline nor personal sanction has impressed upon Mr. Smith the essential underlying problem. Initially as counsel, and now as pro se litigant, he has "engaged in a pattern of litigation activity which is manifestly abusive" and thereby "strained the resources of this court." Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (quotation omitted). Accordingly, "based on [Mr. Smith's] appellate filings history and abuse of the appellate process, we have sua sponte decided to impose restrictions on [his] future filings in this court . . . commensurate with our inherent power to enter orders necessary and appropriate in aid of our jurisdiction under [28 U.S.C.] § 1651." Werner v. Utah, 32 F.3d 1446, 1448 (10th Cir. 1994) (quotations omitted); see also Cauthon v. Rogers, 116 F.3d 1334, 1337 (10th Cir. 1997); Schlicher v. Thomas, 111 F.3d 777, 780-81 (10th Cir. 1997).

Mr. Smith is hereby enjoined from proceeding as an appellant, or as a petitioner in an original proceeding, without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2.  Include in the petition the following information:

a.  A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court, with a statement indicating the nature of his involvement in, and the current status or disposition of, each proceeding;

b.  A list, by case name, number, and citation where applicable, of all assessments of attorneys' fees, costs, or other monetary sanction against him arising out of any federal court matter, with a brief explanation of the circumstances surrounding each assessment and a statement apprising this court whether and when the assessment was paid;

c.  A list, by case name, number, and citation where applicable, of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to any state or federal court, including injunctions, orders, or other directions requiring him to be represented by an attorney or seek leave to file matters pro se.

3.  File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge.  The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they

-14-

are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the chief judge for review to determine whether to permit the pro se appeal or other proceeding. Without the chief judge's approval, the matter will not proceed. If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. Only at that juncture will the appeal or other proceeding formally be filed in this court.

Mr. Smith shall have ten days from the date of this opinion to file written objections, limited to fifteen pages, to these proposed restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect thirty days from the date of this opinion and shall apply to any matter filed by Mr. Smith with this court after that time.