**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ZORA L. TOTH, PH.D,

      Plaintiff-Appellant,

v.

GATES RUBBER COMPANY,

      Defendant-Appellee.

No. 99-1235
(Dist. of Colorado)
(D.C. No. 97-WY-2662-AJ)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **COOK**[**], Circuit Judges.

Appellant, Zora Toth ("Toth"), appeals the district court's order dated April 14, 1999, denying her objection to an order entered by United States Magistrate Judge Patricia A. Coan on March 16, 1999. The district court's order affirmed the magistrate judge's ruling that certain documents currently in the possession of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable H. Dale Cook, Senior District Judge, U.S. District Court for the Northern District of Oklahoma, sitting by designation.

the court were to be returned to Appellee, Gates Rubber Company ("Gates").

Gates is the defendant in the underlying case, in which the district court had

previously issued a final judgment on the merits.[1]  Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order.

## I.     Factual Background

On December 19, 1997, Toth filed a complaint in United States District

Court for the District of Colorado naming Gates, her former employer, as

defendant.  In her complaint, Toth asserted claims for breach of contract,

promissory estoppel, discrimination based on sex, discrimination based on

national origin, retaliation, and violations of the Equal Pay Act.

During the course of conducting discovery in Toth's lawsuit, Gates learned

that Toth had in her possession documents that Gates considered proprietary.

Gates contends these documents were improperly removed from the workplace by

Toth over the course of her twenty-four year tenure with Gates.  Gates' efforts to

---

[1]In the underlying case, the district court granted summary judgment in favor of Gates and dismissed all of Toth's claims.  *See Toth v. Gates Rubber Co.*, 31 F. Supp.2d 1249 (D. Colo. 1998).  Toth appealed the district court's grant of summary judgment.  In this merits appeal, also decided today, this court affirmed the grant of summary judgment on Toth's Equal Pay Act, Title VII wage discrimination, promissory estoppel, breach of contract, and failure-to-promote claims.  This court reversed the grant of summary judgment on Toth's discriminatory discharge and retaliation claims.  *See Toth v. Gates Rubber Co.*, ----- F.3d. ---- (10th Cir. 2000).

recover the documents culminated in its request for an order compelling Toth to return the documents. Gates' request was addressed by a magistrate judge on July 23, 1998. The magistrate judge ordered Toth to return the originals and all copies of the documents in question to Gates. The magistrate judge further instructed the parties that Gates would be allowed to stamp any or all of the documents "confidential." Gates was to return a copy of each document to Toth after they had been stamped. The magistrate judge then ruled that at the conclusion of the litigation all copies of all documents must be returned to Gates.

After the hearing, Toth filed both a motion to stay the magistrate judge's order and an objection to that order. Gates filed responses to both the motion to stay and the objection. Although the district court eventually granted summary judgment in favor of Gates on all claims raised in Toth's complaint, the district court did not rule on either the motion to stay or the objection. On January 29, 1999, Gates filed a motion with the magistrate judge seeking an order to show cause. In its motion, Gates argued that because Toth and her counsel had failed to produce the documents as required by the magistrate judge's July 23rd order, they should be held in contempt.

Toth filed a response to Gates' motion for an order to show cause. In her response, Toth argued that because the district court had not yet ruled on either the motion to stay or the objection to the magistrate judge's July 23rd order, she

was not required to comply with that order either because it was not final or, alternatively, because compliance with the magistrate's order would render the motion and the objection moot.

Gates' motion on the issue was heard by the magistrate judge on February 16, 1999. At the hearing on the motion, the parties seemingly reached an agreement as to the return of the documents. Consequently, the magistrate judge denied the motion as moot. As part of the parties' agreement, the documents were to be delivered to the court and stored in the magistrate judge's chambers during the pendency of the litigation between Toth and Gates. Although approximately ten boxes of documents were delivered into the possession of the court, when Gates attempted to stamp the documents "confidential," Toth objected. Gates then renewed its motion for an order to show cause.

In an order filed March 16, 1999, the magistrate judge first concluded that the district court retained jurisdiction over the matter because it was collateral to the final judgment entered by the district court on Toth's underlying claims and not part of the merits of the appeal of that judgment currently pending before this court. *See Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998); *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). The magistrate judge then ruled that neither the motion to stay nor the objection filed by Toth operated to automatically stay the July 23rd order. The magistrate

-4-

judge, however, denied Gates' motion for an order to show cause. The magistrate judge further ordered that all documents currently in the court's possession be returned to Gates but allowed Toth's counsel to retain one copy of each document. Any copies retained by Toth's counsel were to be returned to Gates at the conclusion of the litigation. Toth filed an objection to the magistrate judge's March 16th order and Gates filed a response to Toth's objections.

On April 14, 1999, the district court entered an order affirming the magistrate judge's March 16th order and denying Toth's objection to that order. The district court concluded that Toth had demonstrated "no compelling reason why she or her counsel should be entitled to retain [Gates'] proprietary and/or confidential information during the pendency of the appeal, or at any time." The district court also denied Toth's request that the matter be assigned to a different magistrate judge and, further, granted Gates' request for fees and costs incurred in responding to Toth's objection. Toth thereafter filed this appeal.[2]

---

[2]In this appeal, Toth does not contest the award of fees and costs to Gates and does not appeal the district court's decision not to reassign the matter to a different magistrate judge. Because Toth has failed to raise these issues in her opening brief, they are deemed waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

## II. DISCUSSION

A magistrate judge's ruling on a non-dispositive motion can be modified or set aside if the district court concludes that it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). This court reviews a district court's decision on discovery matters for an abuse of discretion. *See Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1386 (10th Cir. 1994).

Other than Toth's conclusory statement, unsupported by any relevant case law, that the magistrate judge's order was "clearly and unequivocally contrary to law," her appellate brief is devoid of any cogent argument that convinces this court that the magistrate judge's conclusion that the documents in question should be returned to Gates was clearly erroneous.[3] Toth baldly alleges that the magistrate's order will "cause great harm and/or damage," but makes no attempt to identify any such harm or damage flowing from the return of the documents.

Although Toth also argues that the alleged settlement reached by the parties at the February 16, 1999, hearing on Gates' motion for order to show cause resolved the matter and, thus, stripped the magistrate judge of authority to enter

---

[3]By affirming the magistrate judge's March 16th order directing that the documents be returned to Gates, the district court, effectively, denied both the motion to stay and the objection to the July 23rd order. Thus, the legal question of whether either the motion to stay or the objection to the July 23rd order effectively stayed the July 23rd order is moot. This court, therefore, does not address any arguments made by Toth that relate to the effect either the motion to stay or the objection had on the July 23th order.

the March 16th order, that argument is also without merit. It is clear from the record that the essential terms of the alleged agreement between the parties are disputed. The magistrate judge, therefore, did not err when she implicitly refused to recognize the existence of a binding agreement between the parties relating to the return of the documents.

After a review of the entire record, this court concludes that the district court did not abuse its discretion when it denied Toth's objection and affirmed the magistrate judge's March 16th order. The district court's order affirming the magistrate judge's order entered on March 16, 1999, is hereby **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge