**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 31, 2007**

**TENTH CIRCUIT**

LEVI LUGINBYHL,

      Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; CHARLES RAY; BILL
BOYD; ROBERT EZELL; BUCKS,
Mrs.; DAVID BROWN; DUAN
BAKER; JOHNSON, Chief; FINNLY,
Captain,

      Defendants - Appellees.

No. 06-7053
(D.C. No. 04-CV-187)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

      Plaintiff-Appellant, Levi Luginbyhl, an Oklahoma state inmate appearing

pro se, appeals from the district court's order granting summary judgment on his

42 U.S.C. § 1983 civil rights complaint. Because Mr. Luginbyhl failed to respond

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to the Defendants' motion for summary judgment, and the facts alleged in the motion establish that Mr. Luginbyhl failed to exhaust the appropriate administrative remedies, we affirm.

Mr. Luginbyhl filed his amended complaint on March 15, 2004. In the complaint, Mr. Luginbyhl alleged that: (1) his due process rights were violated when he was transferred by the Oklahoma Department of Corrections to the privately operated Davis Correctional Facility ("Davis"), (2) that while he was a prisoner at Davis, he was discriminated against, denied a place to pray, denied a kosher diet, and denied the right to purchase outside items from a kosher vendor, (3) that he was transferred by the Oklahoma Department of Corrections to Davis where he was held illegally, (4) that while housed illegally at Davis, he was denied due process and subjected to racketeering, (5) that while we was housed at Davis there was a conspiracy to subject him to discrimination, deny his religious freedoms, deny him access to the courts, deny him a kosher diet, and to deny him access to kosher vendors, all in violation of 42 U.S.C. § 1985, and (6) that the prison policies utilized by the Defendants at Davis violated due process because they were not certified under the Administrative Procedures Act.

The Defendants filed a motion for summary judgment on January 11, 2005, arguing that Mr. Luginbyhl's entire complaint should be dismissed because he had failed to exhaust the applicable administrative remedies for all of his claims as required by the Prison Litigation Reform Act. See 42 U.S.C. § 1997(e); Jones

v. Bock, – S. Ct. –, 2007 WL 135890, at *13-16 (January 22, 2007). The Defendants attempted to serve Mr. Luginbyhl with their motion, but failed because mailings to Mr. Luginbyhl's listed prison address were returned. The Defendants notified the district court of their inability to serve Mr. Luginbyhl. No further proceedings occurred until September 22, 2005, when Mr. Luginbyhl supplied the district court with a change of address. That same day, the district court issued a minute order directing Mr. Luginbyhl to respond to the motion for summary judgment within ten days. The order and the Defendants' motion for summary judgment were mailed to Mr. Luginbyhl at his updated address. Mr. Luginbyhl failed to respond within ten days and, on October 12, 2005, the district court issued a minute order granting the Defendants' motion for summary judgment and dismissing the complaint. Mr. Luginbyhl did not respond for nearly six months, until, on April 7, 2006, he filed a motion to reopen, to reconsider, or to appeal, which the district court construed as a notice of appeal.[1]

Ordinarily, the time for appeal would have long since passed, but it did not

---

[1] Attached to the motion was a copy of a response to the Defendant's motion for summary judgment which Mr. Luginbyhl claimed he sent to the district court on October 3, 2005. Whether or not Mr. Luginbyhl actually sent the response on October 3, it did not contest any of the facts asserted in the motion for summary judgment, and it did not counter the Defendant's argument that all of Mr. Luginbyhl's claims were unexhausted. Subsequently, on May 10, 2006, Mr. Luginbyhl filed a second motion to reopen and to appeal out of time (Doc. 40) and a motion for summary judgment, fast and speedy trial, and a request for judgment on the merits of his exhaustion claims (Doc. 41), both of which were out of time as a notice of appeal had already been filed. The district court did not rule on these motions.

begin to run until 150 days after the district court's October 12, 2005, minute order because no Fed. R. Civ. P. 58(a)(1) separate judgment was entered. Fed. R. Civ. P. 58(b)(2). Thus, on March 20, 2006, Mr. Luginbyhl had 30 days to file a notice of appeal, Fed. R. App. P. 4(a)(1)(A), so his April 7, 2006, filing is timely.

In Reed v. Nellcor Puritan Bennett, 312 F.3d 1190 (10th Cir. 2002), we held that a party's failure to respond to a motion for summary judgment, in and of itself, is not a legally sufficient basis on which to grant the motion and enter judgment against that party. Id. at 1195. Instead, a district court wishing to grant summary judgment as a sanction for failure to respond must perform an explicit analysis of the factors set forth in Meade v. Grubbs, 841 F.2d 1512, 1519-20 (10th Cir. 1988). See Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003). Nevertheless, pursuant to local rules, a party may, by failing to offer a timely response, waive the right to respond or to controvert the facts asserted in a motion for summary judgment. Reed, 312 F.3d at 1195. Thus, a district court may, as an alternative to granting summary judgment as a sanction for failure to respond, grant summary judgment if the uncontroverted facts in the motion meet the requirements of Fed. R. Civ. P. 56(c)–if they demonstrate that no material issues of fact remain and that the moving party is entitled to judgment as a matter of law. Id.

It is not clear from the district court's minute order whether it granted the Defendants' motion for summary judgment as a sanction for failure to respond or

whether it actually evaluated the motion under the Rule 56(c) standard.  Either way, the district court did not offer any analysis.  When presented with the same scenario in cases past, we have remanded to the district court for an explicit analysis of the Meade factors or an explicit analysis of the uncontested facts under the Rule 56(c) standard.  See, e.g., Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002); Fields v. Corr. Corp. of Am., No. 04-6348, 2006 WL 991100, at *2 (10th Cir. Apr. 17, 2006)  Nevertheless, "[w]e may affirm the district court on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." Lippoldt v. Cole, 468 F.3d 1204, 1219 (10th Cir. 2006).

Having reviewed the Defendants' motion for summary judgment, the uncontroverted facts alleged therein establish that Mr. Luginbyhl failed to exhaust all his claims because he never appealed any of them to the Oklahoma Department of Corrections as required by Oklahoma Department of Corrections Inmate Grievance Procedure, # 090124.  Although Mr. Luginbyhl argued in his second motion to reopen and to appeal out of time (Doc. 40) that his failure to exhaust was attributable to his inability to subpoena the records of complaints and other actions of prison officials, none of these unsworn arguments creates a genuine issue of material fact, and, regardless, these arguments were never presented to the district court until after jurisdiction was transferred to this court. See Howard v. Mail-Well Envelope Co., 150 F.3d 1227, 1229 (10th Cir. 1998).

Because E.D. Okla. R. 7.1(c) mandates that failure to respond to a motion for summary judgment "will constitute a confession of the matters raised by the pleadings," the district court would be bound to consider only the facts alleged in the Defendants' motion for summary judgment on remand.  As already noted, given the Defendants' reliance on the affirmative defense of lack of exhaustion, Mr. Luginbyhl's claims cannot proceed because they were not properly exhausted.  See 42 U.S.C. § 1997(e).  As such, it would be a waste of judicial resources to issue a perfunctory and futile remand to the district court.  See Comm. for First Amendment v. Campbell, 962 F.2d 1517, 1525 (10th Cir. 1992).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge